# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| FEIT ELECTRIC CO., INC.<br><br>    Plaintiff,<br><br>v.<br><br>ELONG INTERNATIONAL USA, INC.;<br>XIAMEN LONGSTAR LIGHTING CO., LTD.,<br><br>    Defendants. | Civil Action No. 3:24-cv-01089 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Feit Electric Company, Inc. ("Plaintiff" or "Feit Electric"), for its Complaint against Defendants Elong International USA, Inc. ("Elong") and Xiamen Longstar Lighting Co., Ltd. ("Longstar") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. ("Patent Infringement").

## THE PARTIES

2. Feit Electric is a privately held company organized and existing under the laws of the State of California with its principal place of business at 4901 Gregg Road, Pico Rivera, CA 90660, Los Angeles County.

3. Feit Electric is engaged in the importation, distribution, and sale of lighting products that are manufactured for Feit Electric.

4. On information and belief, Elong is a corporation organized and existing under the laws of the State of Texas.

5. On information and belief, Elong has a principal place of business at 1200 W. Crosby Road, Carrollton, TX 75006-6906, which is in the Northern District of Texas.

6. On information and belief, Longstar is a company organized and existing under the laws of the People's Republic of China.

7. On information and belief, Longstar has a principal place of business at No. 5 Houbin Road, XiangAn, Xiamen, China 361101.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Feit Electric's claims of patent infringement pursuant to at least 28 U.S.C. §§ 1331 and 1338.

### *Elong*

9. Elong imports or causes to be imported, makes, offers to sell, sells, and/or uses products in the United States and in this jurisdiction, including, but not limited to, the products accused of infringement in this Complaint.

10. This Court has personal jurisdiction over Elong because it has committed acts of patent infringement in this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this judicial district, regularly avails itself of the benefits of this judicial district, and has a principal place of business in this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Elong is a corporation organized and existing under the laws of the State of Texas and has a principal place of business in this judicial district.

*Longstar*

12.    Longstar imports or causes to be imported, makes, offers to sell, sells, and/or uses products in the United States and in this jurisdiction, including, but not limited to, the products accused of infringement in this Complaint.

13.    This Court has personal jurisdiction over Longstar because, among other things, it has purposefully availed itself of the benefits and protections of Texas's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Longstar develops, manufactures, imports, markets, offers to sell, and/or sells lighting products throughout the United States, including in the State of Texas, and therefore transacts business within the State of Texas, and/or has engaged in systematic and continuous business contacts within the State of Texas. Additionally, Longstar has committed acts of patent infringement in this judicial district.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Longstar is a company organized and existing under the laws of the People's Republic of China and may be sued in any judicial district and is subject to personal jurisdiction in Texas.

## THE ASSERTED PATENT

15.    On December 10, 2013, United States Patent No. 8,604,678 (Ex. A, "the '678 Patent") entitled "Wavelength Conversion Component With a Diffusing Layer" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). A true and correct copy of the '678 Patent is attached hereto as Exhibit A.

16.    Feit Electric is the owner and assignee of all right, title, and interest in and to the '678 Patent.

## THE ACCUSED PRODUCTS

17. On information and belief, Defendants have manufactured, imported, offered for sale, sold, and/or used at least Utilitech White Filament LED Model Nos. 5A19DG8.5WECL27K2P and 2A19DG5WECL50K2P (the "Utilitech Accused Products").

18. On or about April 11, 2024, Feit Electric caused to be purchased samples of the Utilitech Accused Products from Lowe's Home Centers, LLC at 509 River Hwy., Mooresville, NC 28117.

19. On or about April 29, 2024, Feit Electric caused to be purchased one or more samples of the Utilitech Accused Products from Lowe's Home Centers, LLC at 1951 Auto Center Dr., Antioch, CA 94509.

20. An image of the front and bottom of the packaging for an exemplary Utilitech Accused Product is set out below:




21. On information and belief, Defendants have also manufactured, imported, offered for sale, sold, and/or used at least Better Homes & Gardens White Filament LED Model Nos. BHS536179061029, BHS536179061020, BHS536179061025 (the "BH&G Accused Products").

22.   On or about March 23, 2024, Feit Electric caused to be purchased samples of the BH&G Accused Product from Walmart, Inc. at 24833 John T Reid Pkwy., Scottsboro, AL 35768.

23.   An image of the front and bottom of the packaging of an exemplary BH&G Accused Product is set out below:




24.   The Utilitech Accused Products and the BH&G Accused Products are lamps (also known as light bulbs) comprising one or more light emitting diodes mounted on one or more substrates covered by at least a light conversion material mounted inside a lamp enclosure (bulb) and connected to receive power from the lamp base when inserted in a socket and energized to emit light. Such lamps are known as "LED filament lamps."

**INFRINGEMENT OF THE '678 PATENT**

25.   The Utilitech Accused Products infringe at least claim 1 of the '678 Patent, as described below:

| Claim 1 of the '678 Patent | Claim Element Application | Exemplary Utilitech Accused Product Images |
|---|---|---|
| [preamble] A wavelength conversion component for a light emitting device | The preamble does not serve as a limitation/element as it is not necessary to breathe life and meaning into the claim. | |

5

| **Claim 1 of the '678 Patent** | **Claim Element Application** | **Exemplary Utilitech Accused Product Images** |
|---|---|---|
| comprising: | | |
| a wavelength conversion layer comprising particles of at least one photoluminescence material; | The yellow material shown in the image at right and indicated by the red arrow comprises a wavelength conversion layer comprising particles of at least one photoluminescence material. On information and belief, the wavelength conversion layer comprises a phosphor that converts blue light to white light, mixed in a carrier material such as silicone. | |
| and a light diffusing layer comprising particles of a light scattering material, | The white material shown in the image at right and indicated by the blue arrow comprises a light diffusing layer comprising particles of light scattering material. On information and belief, the light diffusing layer comprises a material such as titanium dioxide mixed in a carrier material such as silicone. | |
| wherein the light diffusing layer improves an off-state white appearance of the wavelength conversion component; | The off-state appearance of the LED filament is white rather than the yellow to orange appearance of the phosphor conversion material of typical LED filaments, as shown in the images of the bulb and filaments at right. | |

6

| Claim 1 of the '678 Patent | Claim Element Application | Exemplary Utilitech Accused Product Images |
|---|---|---|
|  |  |  |
| wherein the wavelength conversion component is configured such that in operation a portion of excitation light comprising blue light having a wavelength of greater than or equal to 440 nm generated by the light emitting device is emitted through the wavelength conversion component to contribute to a final visible emission product. | On information and belief, when the LED filaments of the Utilitech Accused Products are powered, the LEDs of the LED filaments emit blue light greater than or equal to 440 nm, that is converted by the wavelength conversion layer to white light, and then the white light passes through and is scattered by the light diffusing layer to contribute to a final visible emission product as shown in the image at right. |  |

26. The BH&G Accused Products also infringe at least claim 1 of the '678 Patent, as described below:

| Claim 1 of the '678 Patent | Claim Element Application | Exemplary BH&G Accused Product Images |
|---|---|---|
| [preamble] A wavelength conversion component for a light emitting device | The preamble does not serve as a limitation/element as it is not necessary to breathe life and meaning into the claim. |  |

7

| Claim 1 of the '678 Patent | Claim Element Application | Exemplary BH&G Accused Product Images |
|---|---|---|
| comprising: | | |
| a wavelength conversion layer comprising particles of at least one photoluminescence material; | The yellow material shown in the image at right and indicated by the red arrow comprises a wavelength conversion layer comprising particles of at least one photoluminescence material. On information and belief, the wavelength conversion layer comprises a phosphor that converts blue light to white light, mixed in a carrier material such as silicone. | |
| and a light diffusing layer comprising particles of a light scattering material, | The white material shown in the image at right and indicated by the blue arrow comprises a light diffusing layer comprising particles of light scattering material. On information and belief, the light diffusing layer comprises a material such as titanium dioxide mixed in a carrier material such as silicone. | |
| wherein the light diffusing layer improves an off-state white appearance of the wavelength conversion component; | The off-state appearance of the LED filament is white rather than the yellow to orange appearance of the phosphor conversion material of typical LED filaments, as shown in the images of the bulb and filaments at right. | |

| **Claim 1 of the '678 Patent** | **Claim Element Application** | **Exemplary BH&G Accused Product Images** |
|---|---|---|
| | | |
| wherein the wavelength conversion component is configured such that in operation a portion of excitation light comprising blue light having a wavelength of greater than or equal to 440 nm generated by the light emitting device is emitted through the wavelength conversion component to contribute to a final visible emission product. | On information and belief, when the LED filaments of the BH&G Accused Products are powered, the LEDs of the LED filaments emit blue light greater than or equal to 440 nm, that is converted by the wavelength conversion layer to white light, and then the white light passes through and is scattered by the light diffusing layer to contribute to a final visible emission product as shown in the image at right. | |

27.     Defendants have infringed and continue to infringe one or more claims of the '678 Patent by manufacturing, offering for sale, selling, using, and/or importing the Utilitech Accused Products and the BH&G Accused Products within or into the United States, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

28.     The infringement by Defendants has caused and is continuing to cause damage and irreparable injury to Feit Electric. Feit Electric will continue to suffer damage and irreparable

injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

29. Feit Electric is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## WILLFUL INFRINGEMENT

30. In January 2024, Defendants contacted Feit Electric to initiate negotiations for a license to patents owned by Feit Electric, including the '678 Patent.

31. The parties' negotiations ultimately concluded without the parties entering into an agreement licensing the '678 Patent to Defendants.

32. Having negotiated with Feit Electric regarding the '678 Patent, Defendants knew of the '678 Patent, Defendants knew that the '678 Patent belonged to Feit Electric, and, on information and belief, Defendants knew of a high likelihood that their products infringed or would infringe the '678 Patent. Despite that knowledge, Defendants have infringed and continue to infringe the '678 Patent.

33. On information and belief, in light of the foregoing, Defendants' infringement is deliberate and/or intentional.

34. On information and belief, in light of the foregoing, Defendants' infringement is egregious.

35. As such, Defendants have willfully infringed and continue to willfully infringe one or more claims of the '678 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Feit Electric prays that the Court enter judgment and relief as follows:

A. For a judgment that Defendants have infringed the '678 Patent;

B. For a preliminary and permanent injunction enjoining Defendants and their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringing the '678 Patent;

C. For a judgment and award that Defendants account for and pay to Feit Electric damages adequate to compensate for Defendants' infringement of the '678 Patent, including lost profits but in no event less than a reasonable royalty;

D. For a judgment finding Defendants' infringement willful and awarding treble damages under 35 U.S.C. § 284;

E. For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding Feit Electric its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendants;

F. For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

G. For an award of any and all other relief to Feit Electric as this Court deems necessary and proper under these circumstances.

Dated: May 6, 2024

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
TX Bar No. 00789886
R. Brian Craft
TX Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
(903) 534-1100
(903) 534-1100 Fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com


*/s/ Michael S. Weinstein*
Michael S. Weinstein
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Tel: (216) 363-4500
mweinstein@beneschlaw.com

*Attorney for Feit Electric Company, Inc.*