UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-01089-BW |
| ELONG INTERNATIONAL USA INC. AND XIAMEN LONGSTAR LIGHTING CO. LTD., | |
| Defendants. | |

**JOINT PROPOSAL FOR CONTENTS
OF SCHEDULING AND DISCOVERY ORDER**

| Event | Date |
|---|---|
| Proposed Date to Complete Discovery | August 21, 2025 |
| Proposed Trial Date, including the number of trial days and whether a jury trial has been demanded | May 4, 2026, 5 Trial Days, Jury Requested |
| Proposed Motion Deadline | January 8, 2026 |
| Proposed Deadline to file motions for leave to join other parties | January 30, 2025 |
| Proposed Deadline to file motions for leave to amend the pleadings | March 27, 2025 |
| Proposed Deadline to Designate Expert Witnesses (including rebuttal experts) | September 11, 2025 |
| Proposed Deadline to commence settlement negotiations | February 14, 2025 |

1. Status report explaining progress made at the meeting and present status of settlement negotiations:

1

*Plaintiff's Statement:* Pursuant to this Court's August 7, 2024 Order, Plaintiff's in-house counsel with full settlement authority took time to meet in person with Defendant's representative in Dallas, Texas on August 21, 2024. Lead counsel for Plaintiff also joined by videoconference. Plaintiff further sent in advance to Defendant a proposed term sheet on August 20, 2024 to facilitate the discussion. To Plaintiff's surprise, Defendants were unwilling to discuss or negotiate settlement. Defendants explained that they were being indemnified and the indemnitor, Seoul Semiconductor, instructed Defendants not to settle such that Defendants were unwilling to engage in good faith discussions. Notably, Defendants' indemnitor, Seoul Semiconductor, has sued Feit Electric in several other actions including two ongoing matters in California. *See, e.g., Seoul Semiconductor Co., Ltd. et al v. Feit Electric Company, Inc.*, Case No. 2-22-cv-05097 (C.D. Cal.); *Seoul Viosys Co., Ltd. v. Feit Electric Company, Inc.*, Case No. 2-24-cv-04238 (C.D. Cal.); *see also Seoul Semiconductor Co., Ltd. et al v. ACE Hardware Corporation*, Case No. 1:23-cv-02690 (N.D. Ill. June 11, 2024) (staying Feit Electric products due to the numerous overlapping and ongoing suits). As such, Plaintiff does not believe that Defendants complied in spirit with this Court's order.

*Defendants' statement:* In accordance with the Court's August 7, 2024 Order Requiring Attorney Conference, Defendants' counsel hosted the in-person meeting with Plaintiff's representative with settlement authority on August 21, 2024. Defendants' representative with settlement authority also attended the attorney conference. Plaintiff sent a proposed term sheet on August 20, 2024. Defendants responded on the same day, stating that parties may not be able to get into details of

2

*the term sheet at the conference. During the attorney conference, Defendants explained the indemnification by their supplier Seoul Semiconductor and any settlement must involve and be agreed upon by the indemnitor. Defendants attended the attorney conference in good faith. However, they were not in a position to negotiate the detailed terms of a settlement at the conference.*

2. Advisability of referring the case for mediation:

*Plaintiff's Statement: Plaintiff is amenable to mediation when Defendants are willing to discuss settlement in good faith.*

*Defendants' Statement: In light of the above, the parties do not believe mediation is currently likely to be successful and, thus, it is not advisable to refer the case to mediation at this time. Defendants are amenable to mediation on a later date as this litigation progresses.*

3. Do the parties consent to trial (jury or non-jury) before a United States Magistrate Judge?[1] *No.*

4. Proposed plan and schedule for discovery: *The parties submit a proposed plan and discovery schedule as Exhibit 1.*

5. Proposed limitations on discovery, if any: *22 Interrogatories; 100 Requests for Admission; 50 requests for production, 70 hours of fact depositions with no more than 10 individual witnesses although multiple witnesses may be designated for 30(b)(6) depositions without regard to the 10 witness limit so long as no single deposition may last longer than 7 hours on direct.*

---

[1] Before responding to this question, counsels are directed to carefully review the provisions of 28 U.S.C. § 636(c) and, specifically, section 636(c)(3).

6. Other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule. *The parties do not believe any other proposals regarding scheduling or discovery are needed or will facilitate an expeditious and orderly preparation for trial, nor do the parties believe discovery should be consolidated.*

7. Are the parties considering mediation or arbitration to resolve this litigation, and if not, why not?[2] *Not at the current time because Defendants are not in a position to negotiate settlement. See response to Numbers 1 and 2 above.*

8. Other matters relevant to the status and disposition of this case: *The following are related cases filed in other jurisdictions that involve Feit Electric, the same patent-in-suit, and/or similar accused technology:*

**Northern District of Ohio**

*Feit Electric Company, Inc. v. Savant Technologies LLC.* 1:24-cv-00473-BMB (filed March 13, 2024)

**Eastern District of Kentucky**

*Feit Electric Company, Inc. v. Ledvance, LLC.* 5:24-031-DCR (filed February 2, 2024)

**United States Patent and Trademark Office - Patent Trial and Appeal Board**

*Savant Technologies LLC, et al. v. Feit Electric Company, Inc.* IPR2024-01357 (filed August 26, 2024)

9. Whether an evidentiary *Markman* hearing or oral argument on claim construction issues is desired. *The parties request a Markman hearing on claim construction.*

---

[2] The Court encourages the early use of mediation or arbitration.

10. Whether any party believes that a technical tutorial would be helpful and, if so, a proposal for presenting such a tutorial to the presiding judge. *The parties believe a technical tutorial would be helpful.*

Respectfully submitted,

<div style="columns:2">

<u>/s/ Michael S. Weinstein</u>
Eric H. Findlay
TX Bar. No. 00789886
R. Brian Craft
TX Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
(903) 534-1100
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Kal K. Shah
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
312-212-4949
kshah@beneschlaw.com

Michael S. Weinstein
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Tel: (216) 363-4500
mweinstein@beneschlaw.com

*Attorneys for Feit Electric Company, Inc.*

Dated: September 6, 2024

<u>/s/ Timothy Wang</u>
Timothy Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Attorneys for Defendants*

</div>

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the parties conferred on the content of this filing and are in agreement as to the representations herein.

*/s/Michael S. Weinstein*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 6th day of September 2024.

*/s/Michael S. Weinstein*