UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. and XIAMEN LONGSTAR LIGHTING CO., LTD., *Defendants*. | § | |

**ORDER APPOINTING TECHNICAL ADVISOR**

Based on the facts of this case, the Court intends to use a technical advisor to assist the Court with legal analysis of the Parties' submissions and inform the Court on legal and technical research pursuant to the inherent authority of the Court.[1] The Court would greatly benefit from the use of a technical advisor in this case. The Court appoints David Taylor as a technical advisor for this proceeding. Mr. Taylor's hourly rate is $300/hour, which would be split equally between the parties. Mr. Taylor's time sheets will be submitted for the Court's review and approval. Mr. Taylor has already run a conflicts check, which found no conflicts of interest problems. Mr. Taylor will function as an adjunct law clerk. Mr. Taylor's mailing and email addresses are:

[1] *See Techsearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1378 (Fed. Cir. 2002) ("in those limited cases where the scientific complexity of the technology is such that the district court may require the assistance of a technical advisor to aid in understanding the complex technology underlying the patent, it has the inherent authority to appoint such an advisor.").

Mailing:
David O. Taylor
SMU Dedman School of Law
3315 Daniel Avenue
Dallas, Texas 75205-0116

Email:
dotaylor@mail.smu.edu

This Order sets out the duties and terms of the appointment.

## I. Advisor's Duties

The Court states that the Technical Advisor in these proceedings shall have the authority to:

(1) assist the judge with preparation for the *Markman* hearing including review of claim construction filings, legal and technical research, and analysis;

(2) perform the duties of an adjunct law clerk; and

(3) communicate with the attorneys as needs may arise in order to promote the full and efficient performance of these duties.

The Court will preside over the *Markman* hearing and issue all orders regarding motions pending in the Court.

## II. Communications with the Parties and the Court

The Technical Advisor may communicate ex parte with the Court at the Technical Advisor's discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions and inform the Court of legal and technical research. The Technical Advisor may also communicate ex parte with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters.

The Technical Advisor may only communicate with the parties or attorneys if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue without prior approval of the Court.

## III. Advisor's Record

The Technical Advisor shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. However, the Technical Advisor need not preserve for the record any documents created by the Technical Advisor, nor any documents received by the Technical Advisor from counsel in this case. Indeed, the Technical Advisor is not required to and will not submit any formal report or recommendation regarding any matter for electronic filing on the case docket.

## IV. Review of the Technical Advisor's Orders

The Technical Advisor will not be producing any orders, findings, or recommendations for the record.

## V. Compensation

The Technical Advisor shall be compensated at his current rate of three hundred dollars ($300.00) per hour, with the parties bearing this cost equally (50% by the Plaintiffs and 50% by the Defendant). The Technical Advisor shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has "consider[ed] the

fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

On the first business day of every month, the Technical Advisor shall submit directly to the Court an Itemized Statement of fees and expenses (as discussed in Section III), not to include overhead, which the Court will inspect carefully for regularity and reasonableness. Given that one of the duties of the Technical Advisor is to assist the Court with legal analysis of the parties' submissions, the Court expects these Itemized Statements will reveal confidential communications between the Technical Advisor and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. Also, on the first business day of every month, the Technical Advisor shall file on the Court's electronic document filing system a Summary Statement, certifying the total hours worked, total costs incurred, and total fees for the previous month. This Summary Statement shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. Each party shall then remit payment directly to the Technical Advisor (at the aforementioned physical address) its half-share of any Court-approved amount, within 14 calendar days of Court approval.

## VI. Advisor's Authority

The Technical Advisor shall have the full cooperation of the parties and their counsel. The Technical Advisor shall not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties will make readily available to the Technical Advisor any and all facilities, files, databases, and documents which are necessary to fulfill the Technical Advisor's functions under this Order.

**IT IS SO ORDERED** this 27th day of March, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE