UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. and XIAMEN LONGSTAR LIGHTING CO., LTD., | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Elong International USA, Inc. and Xiamen Longstar Lighting Co., Ltd.'s (collectively, "Defendants") motion to stay pending *inter partes* review by the Patent Trial and Appeal Board ("Board"). (Doc. 54). After reviewing the briefing and the relevant caselaw, the Court **DENIES** the motion.

The Court explained in a prior case that three factors govern whether to grant a stay under these circumstances: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set.[1] The Court also explained that the movant bears the burden of showing that the circumstances of the case justify a stay.[2]

---

[1] *Lexos Media IP LLC v. MSC Indus. Direct Co.*, No. 3:22-CV-1736-X, 2023 WL 11967299, at *2 (N.D. Tex. Sept. 6, 2023).

[2] *Id.* at *1.

1

As for prejudice, this factor slightly favors denial. While Feit Electric Company, Inc. (Feit Electric) reports the Defendants are competitors, merely being a competitor is not enough to avoid halting the litigation. Indeed, a "Plaintiff's legal and equitable remedies will be available when the stay is lifted."[3] And while a "delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill,"[4] Feit Electric did not establish that those effects will be felt in this case. Also, Feit Electric admits it did not move for a preliminary injunction.[5] In short, neither side makes a compelling argument for its position on prejudice, although the status of the parties as competitors does point in the direction of denial.

As for whether a stay will simplify the issues in this litigation, this slightly moves the ball in favor of a stay. While the Defendants filed a petition for *inter partes* review, the Board has not granted it. Nor has the Board granted the Defendants' motion for joinder with the *inter partes* review involving the asserted patent. The Defendants rely on this Court's opinion in *Lexos Media IP, LLC v. MSC Industries Direct Company* for their position that the likelihood of simplifying the litigation is strong even though the Board has not yet granted review of their petition. It is true

---

[3] *Sonics, Inc. v. Arteris, Inc.*, No. C 11–05311 SBA, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013).

[4] *SenoRx, Inc. v. Hologic, Inc.*, No. 12–cv–173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013).

[5] Doc. 57 at 2. *See Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) (Godbey, J.) ("[A]lthough not dispositive, Uniloc's failure to file for preliminary injunction suggests that monetary damages could adequately compensate it if Defendants were held liable.").

that another party's proceeding may result in invalidity of the asserted claims. But it may not, and the real hangup for the Court is the lack of an estoppel effect. In *Lexos Media*, the movant agreed to be estopped under 35 U.S.C. § 315(e)(2). Here, the Defendants have not agreed to be estopped. As a result, this factor does not strongly favor a stay.

Finally, because neither of the first two factors is particularly strong and they point in different directions, much relies on the final factor: the stage of litigation. We are practically on the eve of the claim construction hearing. Rather than requesting this stay before claim construction briefing was complete, the Defendants waited. Sure, the Defendants reached out to Feit Electric in late March about the possibility of getting a stay as a result of the grant of *inter partes* review,[6] but, instead of going ahead and requesting one, the Defendants waited—until after claim construction briefing was complete—to eventually file the instant motion.[7]

Another relevant fact related to the stage of the litigation is the pace of this case compared to the Board's timeline. The Board has a year from when it grants review to issue a determination and can extend that deadline by six months for good cause.[8] The Board granted review of these patent claims (with a different petitioner) on March 5, 2025.[9] This means, even if joined, the Board could have until September

---

[6] Doc. 59-1 at 2 (sending an email dated March 21, 2025).

[7] Doc. 54 (filed April 25, 2025).

[8] *See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *1 (E.D. Tex. Sept. 18, 2014) (explaining the process).

[9] Doc. 54-1 at 2.

of 2026 to reach a final decision. Our trial is scheduled for January of 2026.[10] Because claim construction briefing is complete and this Court is on a schedule that can resolve this litigation more quickly, the stage of litigation is so advanced that this factor weighs against a stay.

Putting those factors together, the Defendants have not met their burden; the factors weigh against issuing a stay. Accordingly, the Court **DENIES** the motion to stay pending *inter partes* review.

**IT IS SO ORDERED** this 5th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 51.