UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FEIT ELECTRIC COMPANY, INC., §
§
*Plaintiff,* §
§
v. §
§ Civil Action No. 3:24-cv-1089-x
ELONG INTERNATIONAL USA, INC. §
and XIAMEN LONGSTAR LIGHTING §
CO., LTD., §
§
*Defendants.* §
§

## PROTECTIVE ORDER

**The Court substituted the opening paragraph and paragraph 7 of this Protective Order after it was agreed to by the parties**; accordingly, it is **ORDERED**:

1.    **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules

of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Form and Timing of Designation.** Any documents produced by any party or nonparty ("Producing Party") as part of discovery in this action to another party ("Receiving Party") may be designated by the Producing Party (the "Designating Party") as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the information or materials and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By

written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.

The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL.** Any Producing Party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

**4.     Documents Which May be Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Any Producing Party may designate documents as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Designating Party. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include, without limitation, highly sensitive technical and/or operational information about the Designating Party and its products and services, highly sensitive investor information, highly sensitive financial information, highly sensitive agreements, licenses, or licensing information, marketing plans and forecasts, pricing and cost information, customer names and lists, sensitive personnel information that would not or could not otherwise normally be shared outside the company, and any other information the Designating Party in good faith believes falls within the scope of this provision.

**5.     Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated for protection under this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the

transcript. In such a circumstance, the parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter, the deposition transcripts and any of those portions so designated shall be protected, pending objection, under the terms of this Order.

6.    **Protection of Confidential Material.**

    a. **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (i)-(viii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

      i. **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

      ii. **Parties.** In-house counsel or designated representative who are involved in the litigation of this action and who have the need to see such information such information, but only after such persons have completed the certification contained in Attachment A,

Acknowledgment of Understanding and Agreement to Be Bound. Any signed Acknowledgment of Understanding and Agreement to Be Bound will be produced to the other party after execution.

iii. **The Court.** The Court and its personnel.

iv. **Court Reporters and Videographers.** Court reporters and videographers, and their staff employed in connection with this action.

v. **Persons Creating or Receiving Documents.** Any person who authored or received the designated document or a custodian or other person who otherwise possessed or knew the information.

vi. **Consultants and Experts.** Consultants or experts, and their employees, employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Before the first disclosure of any information designated CONFIDENTIAL is made to an outside expert or consultant, the party seeking to share information with the expert shall first give written notice to the other party. Such notice shall include (i) a copy of the individual's current curriculum vitae, (ii) identification of any consulting or other relationship to the parties in this litigation within the last five (5) years (excluding disclosure of the details of any non-testifying litigation consulting), and (iii) identification of any deposition

or trial testimony given within the last four (4) years. The other party shall have five (5) business days to object. The parties shall attempt to resolve any objections informally. Within five (5) business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL information to the expert or consultant may raise the issue with the Court in accordance with the Court's procedures. If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this action. After meeting and conferring in an attempt to resolve the issue, any party that fails to raise such an issue with the Court within seven (7) business days of notifying a party of an objection under this section shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of this section. The parties may agree to extend the deadlines in this section by mutual agreement in writing. Any signed Acknowledgment of Understanding and Agreement to Be Bound will be produced to the other party after execution.

vii.  **Vendors.** Vendors retained by counsel for a party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic

documents produced during discover, and preparing demonstrative or other exhibit for deposition, trial, or other court proceedings.

viii. **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

b. **Protection of Documents Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order shall not be used for any purpose whatsoever other than prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any third person or entity except as set forth in subparagraphs (i)-(vii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

i. **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

ii. **The Court.** The Court and its personnel.

iii.  **Court Reporters and Videographers.** Court reporters and videographers, and their staff employed in connection with this action.

iv.  **Persons Creating or Receiving Documents.** Any person who authored or received the designated document or a custodian or other person who otherwise possessed or knew the information.

v.  **Consultants and Experts.** Consultants or experts, and their employees, employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Before the first disclosure of any information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is made to an outside expert or consultant, the party seeking to share information with the expert shall first give written notice to the other party. Such notice shall include (i) a copy of the individual's current curriculum vitae, (ii) identification of any consulting or other relationship to the parties in this litigation within the last five (5) years (excluding disclosure of the details of any non-testifying litigation consulting), and (iii) identification of any deposition or trial testimony given within the last four (4) years. The other party shall have five (5) business days to object. The parties shall attempt to resolve any objections informally. Within five (5) business days of receipt of an objection, the parties shall meet and confer

to attempt to resolve their dispute. If the objections cannot be resolved, the party opposing disclosure of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to the expert or consultant may raise the issue with the Court in accordance with the Court's procedures. If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this action. After meeting and conferring in an attempt to resolve the issue, any party that fails to raise such an issue with the Court within seven (7) business days of notifying a party of an objection under this section shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of this section. The parties may agree to extend the deadlines in this section by mutual agreement in writing. Any signed Acknowledgment of Understanding and Agreement to Be Bound will be produced to the other party after execution.

vi. **Vendors.** Vendors retained by counsel for a party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discover, and preparing demonstrative or other exhibit for deposition, trial, or other court proceedings.

vii.    **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Any signed Acknowledgment of Understanding and Agreement to Be Bound will be produced to the other party after execution.

c.  **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d.  **Copies.** All copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be

entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the confidential information contained in those documents.

e. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be governed by Fed. R. Evid. 502.

7.    **Filing Under Seal**. The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests.[1]  The parties may agree between themselves to designate documents "confidential" during discovery.  The typical standard there involves the parties assessing whether they want that material in the public domain.  But filing that material with the Court under seal is a different matter altogether.  Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[2]

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

[2] "The public's right of access to judicial records is a fundamental element of the rule of law. . . . Article III courts are independent, and it is particularly *because* they are independent that the access presumption is so vital—it gives the federal judiciary a measure of accountability, in turn giving the public confidence in the administration of justice." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (cleaned up).  "The rationale for public access is even greater" in cases that "involve matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520 (cleaned up); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))); *Brown & Williamson*

A party seeking to file a specific document under seal[3] must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis[4] explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists.[5]  Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[6]

---

*Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[3] Parties should not seek to file under seal any information that is already publicly available. *June Med. Servs.*, 22 F.4th at 520 ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public.  We will abide no such absurdity." (cleaned up)).

[4] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

[5] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing.").  The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).  Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access.  *Brown*, 710 F.2d at 1179.

[6] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal. In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

If any party wishes to submit Confidential Information to the court, the submission must be filed only in a motion to file under seal on CM/ECF if filed electronically or, if filed in hard copy, in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

**[caption]**

**This envelope, which is being filed in a motion to file under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

**No Prejudice.**

**8.     Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party or non-party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as to any documents or materials subject to

the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9.    **Action by the Court.** Applications to the Court for an order relating to the designation of any documents or materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents or materials produced or use in discovery or at trial.

10.    **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial or hearing of any document designated for protection under this Order. If a party intends to present at trial CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information. Upon motion of the party designating the document for protection under this Order, the Court may thereafter

make such orders as are necessary to govern the use of such documents or information at trial.

**11.    Expert Discovery.** Except for those communications exempted from protection under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(b)(4)(C), expert communications in any form, between or among a party's attorneys, a party, or a party's expert witness(es) relating to the work, opinions, or testimony of the party's expert witness(es), are not discoverable or admissible in this action. Any preliminary or draft expert report or disclosure shall not be discoverable, regardless of the form in which it is recorded. Counsel remain free, however, to otherwise conduct discovery relevant to the validity of the expert's opinions or relevant to the facts or data the expert is relying on in forming his or her opinions.

**12.    Designation    of    Settlement    Communications.** Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this litigation, shall be deemed CONFIDENTIAL pursuant to the terms of this Order. This designation shall be in addition to, and shall in no way compromise or diminish, any other privilege or immunity to which communications may be entitled (*e.g.*, Federal Rule of Evidence 408).

**13.    Limitations.** This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of designated material obtained lawfully by such party independently of any proceedings in this action, or which:

a.  Was already known to such party by lawful means prior to acquisition from, or disclosure by, any other party in this action;

b.  Is or becomes publicly known through no fault or act of such party;

c.  Is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure; or

d.  Is otherwise obtained lawfully by such party independently of any proceedings in this action.

14.  **Inadvertent Failure to Designate.** If a Producing Party inadvertently produces CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing party or non-party provides actual written notice to the Receiving Party, unless the Receiving Party has actual knowledge that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. As soon as the Disclosing Party notifies the Receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Order, and the Receiving Party agrees to endeavor in good faith to obtain and destroy all copies of the document, or notes or extracts thereto, which it distributed or disclosed to persons not authorized to access such information by Paragraph 6 above, as well as any copies made by such persons.

15.  **Inadvertent Production of Privileged Material.** Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-

product doctrine, or other applicable privileges shall be subject to Federal Rules of Civil Procedure 26(b)(5) and Federal Rules of Evidence 502(b). Any such disclosure of privileged material shall not constitute a waiver of any applicable privilege. In such circumstances, the Producing Party must immediately notify the Receiving Party in writing of the inadvertent production and request the return or confirmation of destruction of the privileged material. Within three (3) business days after receiving such notification, the Receiving Party shall return or confirm destruction of all such material, including any summaries thereof. The Producing Party must then, within ten (10) business days, produce a privilege log including the inadvertently produced documents.

16.     **Disputes as to Privilege.** After receiving a notice Pursuant to Paragraph 15, the Receiving Party may also apply to the Court for a ruling that the material is not in fact privileged by utilizing the procedures set forth in Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders, when entered. In any application to the Court under this paragraph, the allegedly privileged material may, as appropriate, be required to be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used. The party asserting the claim of privilege shall have the burden of proving the elements required to establish its claim of privilege. Nothing in this paragraph shall be construed to enlarge the attorney-client privilege, work-product doctrine, or other applicable privileges, and the parties remain free to challenge the propriety of any claimed privilege or protection.

17.    **Legal Advice.** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course of giving such advice, from referring to or relying generally upon his or her examination of designated material. However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any designated material in a manner contrary to the terms of this Order.

18.    **No Other Purpose.** All non-public documents, information, or material produced or disclosed in this Litigation, including but not limited to designated material, shall be used by the Parties for the prosecution or defense of the claims in the Litigation only, and shall not be used for any other purpose, including any business, commercial, competitive, personal, or other purpose. Any person or entity who obtains access to designated material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such designated material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified designated material and subject to all of the terms and conditions of this Order.

19.    **Obligations on Conclusion of Litigation**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Destruction or Return of Documents Designated for Protection Under this Order.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined above, shall be destroyed or returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure or (2) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the above requirements to destroy or return documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be subject to the protections of this Order in accordance with applicable designations. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

c. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

20. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

21. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22. **Use of Designated materials in Court Proceedings.** In the event that any designated material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course

of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

**The Court substituted the opening paragraph and paragraph 7 of this Protective Order after it was agreed to by the parties.**

SIGNED on this 2nd day of July 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. | § | |
| and XIAMEN LONGSTAR LIGHTING | § | |
| CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Texas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
                                    Signature