UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. and XIAMEN LONGSTAR LIGHTING CO., LTD., | § § § § § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Feit Electric Company, Inc.'s (Feit) motion to modify amended scheduling order. (Doc. 89). After reviewing the briefing and the relevant caselaw, the Court **GRANTS IN PART AND DENIES IN PART** the motion. An amended scheduling order will follow.

The Court took slightly longer than expected to issue its claim construction order. Because some deadlines in the scheduling order were dependent on the claim construction order's issuance date, and others were not, this created a bit of a mismatch. Understandably, the parties discussed reconfiguring the scheduling order to accommodate this.

While Defendants Elong International USA, Inc. and Xiamen Longstar Lighting Co., Ltd. (collectively, "Defendants") blame this situation on gamesmanship, the Court doesn't think so. What happened here is the delay in issuing the claim construction order threw the scheduling order off. Substantial document production

1

is supposed to occur *before* the close of fact discovery.  Basically, getting 99% of your documents in should (and must) occur before you get 100% of your documents in.

Whatever else happened with a potential settlement that fell apart or counsel's email chains doesn't matter.  Because of the latent mistake in the scheduling order and the stage of the litigation, all factors[1] weigh in favor of granting the extension.  As a result, the Court **GRANTS IN PART** the motion and will issue an amended scheduling order.

Importantly, the Court only grants in part because of the nature of this quick-turnaround briefing and due to some scheduling oddities in the proposed schedule.  So, the Court will grant some but not all of what Feit asks for.  The Court will also amend the pretrial order and related deadlines.  An amended scheduling order will follow.

**IT IS SO ORDERED** this 31st day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990) ("(1) the explanation for the failure to [complete discovery]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.").