**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| FEIT ELECTRIC CO., INC. <br><br> *Plaintiff*, <br><br> v. <br><br> ELONG INTERNATIONAL USA, INC.; <br> XIAMEN LONGSTAR LIGHTING CO., LTD., <br><br> *Defendants*. | Civil Action No. 3:24-CV-1089-BW |

**PLAINTIFF FEIT ELECTRIC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANTS' UNTIMELY DISCLOSURE OF RYAN LAMOTTA**

## INTRODUCTION

Defendants' decision to delay disclosing their expert until well after the deadline to do so should not be rewarded. The law in this Circuit supports a Court's enforcement of its scheduling orders, making it clear that failure to provide a good-faith explanation for untimely disclosure constitutes an independent basis on which to strike a late-disclosed expert. *See Jones v. City of Dallas*, 2024 WL 3669477 at *3-*4 (N.D. Tex. Aug. 6, 2024) (citing *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 352 & nn.18-19 (5th Cir. 2014), as revised (Apr. 28, 2014) *and Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988)). Further, Defendants' lengthy Response (Dkt. 96, "Resp.") provides no justification for ignoring this Court's clear and unambiguous Scheduling Order (Dkt. 51). Rather, in later seeking to use that same order to their advantage, Defendants tacitly admit their intentional disregard of the Court's deadlines. Conceding that they simply "had not yet retained a damages expert" is not good cause. Resp. at 5.

Defendants once again attempt to shift the blame to Feit Electric arguing that Feit Electric allegedly failed to prosecute its case, as justification that they need not comply with this Court's Scheduling Order. *See generally* Resp. But even assuming Defendants' unfounded *ad hominem* attacks on Feit Electric's conduct were true—***they are not***—Defendants were aware that they were nonetheless bound by the Court's operative Scheduling Order requiring them to "designate expert witnesses (***including rebuttal experts***)." Dkt. 51, ¶ 12 (emphasis added). Moreover, because the parties jointly agreed to extend that deadline by one week, there can be no dispute that they were not aware of this deadline. As Defendants highlight, a court may exercise its discretion to allow for scheduling order violations. However, as is the case here, where Defendants' untimeliness was intentional and unjustified, such discretion is unwarranted and may even serve to invite future parties to intentionally disregard the Court's scheduling orders arguing only that such delay was

2

harmless. Accordingly, this Court can and should strike Defendants' untimely disclosure of Mr. LaMotta.

## ARGUMENT

"The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like." *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990); *Rincon v. Home Depot U.S.A., Inc.*, No. 3:17-CV-02909-X, 2019 WL 6118406, at *3 (N.D. Tex. Nov. 15, 2019) (Starr, J.). Defendants' attempt to shift the burden to Feit Electric turns the proper legal analysis on its head by arguing Feit Electric "has failed to satisfy any of the four factors" set forth by the Fifth Circuit factors for exclusion.[1,2] The burden to justify missing the deadline lies with Defendants, not Feit Electric. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (striking Geiserman's untimely designation because "[t]he reasons offered ***by Geiserman*** for his failure to timely designate are weak, at best") (emphasis added).

Similarly, Defendants' reliance on FED. R. CIV. P. 26(a)(2)(D) is misplaced. When read in its entirety, the Rule clearly defers to the Court as it applies "***[a]bsent*** a stipulation or a court order." FED. R. CIV. P. 26(a)(2)(D) (emphasis added). Moreover, the Rule further is unequivocal that a "party must make these disclosures at the times and in the sequence that the court orders." *Id*. Parties are not free to ignore a court's scheduling Order or treat it as a mere guideline as Defendants imply.

---

[1] The four factors considered by the Fifth Circuit are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).
[2] In any event, to the extent Feit Electric is required to satisfy the four factors, Feit Electric demonstrated that these factors favor Feit Electric in its opening brief. *See* Dkt. 93 at 2-3.

Here, Defendants' blatant lack of taking any responsibility in their Response is telling. Defendants put forth numerous logical fallacies to explain away their intentional delay, many of which merely shift the blame or belittle the infraction. For example, Defendants' unfounded assertion that they "retained a rebuttal expert…after it became clear Plaintiff intended to actually prosecute this action" is a causal fallacy. Resp. at 5. Simply pointing to the default timeline of Rule 26(a)(2)(D) as well as stating Feit Electric has not satisfied "any of the four factors" are red herrings. *Id*. at 6, 7. Similarly, referencing the new timeline under the Amended Scheduling Order is a *post hoc* fallacy. *Id*. at 9. Finally, asserting that in other "patent cases, the identity of a party's expert is not even disclosed prior to the service of the expert reports" is a bandwagon fallacy in addition to being in direct conflict with the Court's Scheduling Order. *Id*. at 8. Each of Defendants' arguments lack merit and must be rejected.

Defendants perplexingly state they "were ready to proceed under the prior schedule had the Court not granted . . . the extension." Resp. at 9 n.4. Yet throughout this dispute—whether as part of their initial untimely disclosure, or during their refusal to meet and confer[3] or even provide an explanation, or anywhere in their Response—Defendants tellingly fail to acknowledge their clear disregard of the Court's Scheduling Order. Here, Defendants do not even make a pretense that this was a mistake or oversight. Indeed, if truly an oversight, Defendants could and should have immediately provided their disclosure rather than wait weeks. Defendants' attempt to cast blame on Feit Electric—who notably timely identified its experts—is untenable.

Finally, Defendants assert that Feit Electric is not prejudiced because "Plaintiff now has more notice of LaMotta than it would have under the original timing of disclosures" Resp. at 9.

---

[3] Defendants' response attempts to minimize their responsibility to meaningfully meet and confer in good faith as they provide the Court with a false dichotomy.

4

But at the time expert designations were due, no motion to amend the Scheduling Order had been filed or even contemplated; thus, Defendants' reliance on *post hoc* reasoning to excuse the lack of timeliness (which by itself is prejudicial) lacks merit. Moreover, Feit Electric's Motion to Modify the Amended Scheduling Order was granted in relevant part ***after*** the untimely disclosure of Mr. LaMotta. *Compare* Dkt. 94 (issuing July 31, 2025) *with* Dkt. 93-3 (disclosing Mr. LaMotta on July 25, 2025). Thus, at the time Defendants disclosed Mr. LaMotta, the outcome of the pending Motion to Modify the Amended Scheduling Order was uncertain and notably ***opposed*** by Defendants. *See* Dkt. 91. Additionally, the Motion to Modify the Amended Scheduling Order was filed before Feit Electric was even aware Defendants planned to disclose Mr. LaMotta and is consequently premised on other reasons, such as the document production deadline and to mitigate the need for supplemental expert reports. *See generally* Dkt. 89. The two issues are not related or predicated on one another. Consequently, had Defendants timely disclosed Mr. LaMotta on June 23, 2025, Feit Electric would still have filed the Motion to Amend. Thus, Feit Electric does not have "more notice of LaMotta than it would have under the original timing," as Defendants argue. Resp. at 9. Feit Electric has less time.

  Finally, unlike Feit Electric in this case, Defendants never sought leave for relief from the Scheduling Order. The Court's Scheduling Order is not a mere guideline, and Defendants' treatment of it as such should not be rewarded. For at least the reasons above, Feit Electric respectfully requests that the Court strike Mr. LaMotta based on Defendants' failure to explain their untimely disclosure.

Dated: August 18, 2025                                    Respectfully submitted,

/s/ Simeon G. Papacostas

Eric H. Findlay
TX Bar. No. 00789886
R. Brian Craft
TX Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
(903) 534-1100
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Kal K. Shah
Simeon G. Papacostas
Thomas M. DaMario
Carlton J Hemphill
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
(312) 212-4949
kshah@beneschlaw.com
spapacostas@beneschlaw.com
tdamario@beneschlaw.com
chemphill@beneschlaw.com

Michael S. Weinstein
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
(216) 363-4500
mweinstein@beneschlaw.com

*Attorneys for Feit Electric Co., Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 18, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via email.

*/s/ Simeon G. Papacostas*
Simeon G. Papacostas

*An Attorney for Feit Electric Company, Inc.*