UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. and XIAMEN LONGSTAR LIGHTING CO., LTD., | § § § § | |
| *Defendants.* | § § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Plaintiff Feit Electric's Contingent Motion for Leave to Amend Infringement Contentions; Defendants' Opposition to Feit's Motion for Leave to Amend/Cross-Motion to Strike Plaintiff's Untimely Amended Infringement Contentions; Plaintiff Feit Electric's Reply in Support of Its Contingent Motion to Amend Infringement Contentions; and Defendants' Reply in Support of Its [sic] Cross-Motion to Strike Plaintiff's Untimely Amended Infringement Contentions. (Docs. 97, 98, 108, 109). After reviewing the briefing, the supporting material filed with and cited in the briefing, and the relevant law, the Court hereby denies Plaintiff's motion and grants in part and denies in part Defendants' cross-motion.

## I.    Background

This is a patent infringement case. Plaintiff Feit Electric Company asserts that Defendants Elong International USA, Inc. and Xiamen Longstar Lighting Co., Ltd. have infringed U.S. Patent No. 8,604,678 (the "'678 Patent").

1

On October 23, 2024, Feit served its Preliminary Infringement Contentions.[1] On July 31, 2025—more than nine months later but less than thirty days after the court's claim construction order issued on July 2—Feit served its Amended Infringement Contentions.[2] One week after serving its Amended Infringement Contentions, Feit filed its motion for leave, explaining that its Amended Infringement Contentions:

- remove allegations of infringement regarding claims 16, 25, and 29;
- add allegations of infringement regarding claims 11 and 13;
- "name[] additional Accused Instrumentalities by specific model number"; and
- include "a more fulsome discussion of [its] representativeness theory of infringement."[3]

Elong and Xiamen add more detail, explaining that Feit "accused six new products."[4] They also highlight that the discussion of representativeness alleges certain charted products are "representative" of uncharted products, which include the additional accused instrumentalities Feit seeks to name.[5]

The Court's amended scheduling order set deadlines for the close of fact discovery on August 25, 2025 (which, notably, was less than thirty days after Feit served its amended infringement contentions), for initial expert reports on September 2, 2025, and for responsive expert reports on September 25, 2025.[6]

---

[1] Doc. 97 at 2.

[2] *Id.* at 1.

[3] *Id.* at 2–3.

[4] *Id.* at 5.

[5] *Id.*

[6] Doc. 95.

## II.    Legal Standards

Infringement contentions provide notice of a plaintiff's theories of infringement.[7]  "This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial."[8]

The local patent rules require infringement contentions to include certain information:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each process, method, or act must be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed process, method, or act;

> A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function.[9]

In this case, the Amended Scheduling Order indicates "Plaintiff must amend infringement contentions within thirty days of the Court's claim construction

---

[7] *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, No. 3:12-cv-1652-M, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016) (J. Lynn).

[8] *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2012 WL 3650597, at *2 (N.D. Tex. Aug. 2, 2012) *report and recommendation adopted sub nom. H–W Tech., L.C. v. Amazon.com, Inc.,* No. 3:11–CV–0651–G BH, 2012 WL 3656293 (N.D.Tex. Aug. 27, 2012) (J. Fish) (cleaned up).

[9] Misc. Order No. 62 ¶ 3-1(a)(2)–(3).

ruling."[10]  The same order states that, "[u]nless the Court orders otherwise, the Parties must observe . . . the local rules of this Court."[11]

Paragraph 3-6 of the Court's local patent rules provide more detail regarding the thirty-day deadline for Feit to amend its infringement:

> If a party claiming patent infringement believes in good faith that the presiding judge's claim construction ruling so requires, that party may serve final infringement contentions without leave of court that amend the party's preliminary infringement contentions with respect to the information required by paragraph 3-1(a)(3) and (4) within 30 days from the date the presiding judge's claim construction ruling is filed.[12]

In short, pursuant to Paragraph 3-6, a plaintiff may amend its infringement contentions without leave of court if the plaintiff "believes in good faith that the . . . claim construction ruling so requires."[13]

Paragraph 3-7 of the local patent rules also explains that infringement contentions may be amended, "other than as expressly permitted in" Paragraph 3-6 (and Paragraph 3-7(a), which relates to disclosure of source code and is not in dispute here), "only by order of the presiding judge upon a showing of good cause."[14]  This same provision explains, as relevant here, that good cause "may include newly discovered accused instrumentalities [or] newly discovered bases for claiming infringement."[15]  However, this provision states that "[a] party seeking amendment

---

[10] Doc. 51 at 1.

[11] *Id.* at n.1.

[12] Misc. Order No. 62 at ¶ 3-6(a).

[13] *Id.*

[14] *Id.* at ¶ 3-7(b).

[15] *Id.*

of the preliminary or final infringement contentions . . . must include in its motion to amend a statement that the newly discovered accused instrumentalities [or] newly discovered bases for claiming infringement . . . were not known to that party prior to the motion despite diligence in seeking out same."[16]

Failure to comply with the requirements for infringement contentions "may result in appropriate sanctions."[17]  Indeed, because local patent rules are "essentially a series of case management orders," a court "may impose any 'just' sanction for the failure to obey" them.[18]  These sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[19]

In deciding whether to strike infringement contentions, courts have considered the following factors:

> (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings.[20]

---

[16] *Id.*

[17] *See* Misc. Order No. 62 ¶ 3-1(b).

[18] *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (quoting Fed. R. Civ. P. 16(f)).

[19] *See id.*; Fed. R. Civ. P. 37(b)(2)(B).

[20] *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971179, at *1 (N.D. Tex. Mar. 29, 2018) (J. Lynn) (citing *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. CIV.A. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009)).

### III.    The Parties' Arguments

Feit seeks to justify its service of amended infringement contentions based on the Court's Amended Scheduling Order (Doc. 51) and Miscellaneous Order No. 62.

Regarding "the removed and added claims in the Amended Infringement Contentions," Feit argues each removal and addition "is based on construed terms in the Court's claim construction ruling."[21]  As a result, it says, "leave is not required" for these amendments based on Paragraph 3-6(a) of the local patent rules.[22] Moreover, even if leave were required under Paragraph 3-7(b), it says "there is no surprise or prejudice to [Elong and Xiamen]."[23]

Regarding naming additional accused products and the representativeness portion of its amended infringement contentions, Feit cites Paragraph 3-7 of the local patent rules and argues it has "ample good cause to amend."[24]  It says the amendments regarding representativeness "do not add new theories, and therefore cannot be the basis of any prejudice."[25]  Moreover, Feit says, the amendments to identify additional accused products "were made at least in part based on newly received documents from Elong and Xiamen's production . . . on the evening of July

---

[21] Doc. 97 at 3.

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.* at 4.

28, 2025."[26]  It also argues it "had been, and still is, awaiting . . . long-requested samples of products from [Elong and Xiamen] in response to its discovery requests."[27]

Elong and Xiamen respond by arguing the Amended Infringement Contentions "do not fall within the scope of amendment allowed without leave" by Paragraph 3-6 of the local patent rules.[28]  Elong and Xiamen also argue Feit is unable to show good cause for its amendments under Paragraph 3-7.[29]  In short, according to Elong and Xiamen the Amended Infringement Contentions "should be stricken" because Feit "has been anything but diligent in pursuing evidence to support them, they unfairly prejudice Elong and Xiamen, they are not important, and a continuance is not available, given that the Court has already twice pushed back expert discovery deadlines and trial is in a few months."[30]

### IV.   Analysis

The Court will address each of the proposed amendments separately.

### A.   Removal of Allegations Regarding Claims 16, 25, and 29

Feit argues that it timely amended its infringement contentions to remove claims 16, 25, and 29 "[i]n view of the Court's claim construction ruling on July 2, 2025."[31]  In particular, Feit cites the Court's construction of "planar shapes" and "light

---

[26] *Id.*

[27] *Id.* at 5.

[28] Doc. 98 at 8.

[29] *Id.*

[30] Doc. 98 at 1.

[31] Doc. 97 at 2.

mixing chamber."[32]  Indeed, the Court did construe these terms, and they do appear in claims 16, 25, and 29 of the '678 Patent.  Given that Feit served its Amended Infringement Contentions within thirty days of the Court's claim construction order and, furthermore, given that it appears Feit "believes in good faith" that the claim construction ruling requires these claims to be removed, no leave was or is required for Feit to amend its infringement contentions to remove these claims.[33]  Moreover, while Elong and Xiamen filed a cross-motion to strike Feit's amended contentions, they did not argue that Feit wrongly removed claims 16, 25, and 29.[34]

In short, with respect to the removal of claims 16, 25, and 29 based on the claim construction order, there has been no delay, neither side seeks to keep allegations of infringement of these claims in the infringement contentions, Elong and Xiamen have not identified any prejudice at all, and removing these claims will not delay the proceedings.

Thus, with respect to the removal of claims 16, 25, and 29, the Court will deny Feit's motion for leave as unnecessary and deny Elong and Xiamen's cross-motion to the extent it was broad enough to seek denial of Feit's ability to amend its contentions to eliminate allegations of infringement of these claims.

---

[32] *Id.*

[33] Misc. Order No. 62 at ¶ 3-6(a).

[34] Doc. 98; Doc. 109.

**B.    Addition of Allegations Regarding Claims 11 and 13**

Feit argues that it timely amended its infringement contentions to add claims 11 and 13 "[i]n view of the Court's claim construction ruling on July 2, 2025."[35]  In particular, Feit argues that, "based on the Court's construction of the term 'average particle size,'" it "added allegations of infringement as to dependent claims 11 and 13."[36]  The problem (for Feit) is that the Court did not construe the phrase "average particle size," but instead the phrase "an average particle size that improves the OFF state white appearance of the wavelength conversion component."[37]  Indeed, the Court made it clear that it was construing this longer phrase "as it is used in Claim 21."[38]  Claims 11 and 13 do not include this longer phrase but instead recite "an average particle size that is selected such that the light scattering material will scatter the excitation light relatively more than the light scattering material will scatter light generated by the at least one photoluminescence material."  Claim 13, which depends on Claim 11, adds that "the excitation light comprises blue light," and the Court did not construe any of this language.  Thus, there is no basis for Feit to argue that it "believes in good faith" that the claim construction ruling requires claims 11 and 13 to be added.[39]

---

[35] Doc. 97 at 2.

[36] *Id.* at 3.

[37] Doc. 81 at 12–16 & 31.

[38] *Id.* at 12.

[39] Misc. Order No. 62 at ¶ 3-6(a).

Feit argues, in the alternative, that good cause exists to add claims 11 and 13 pursuant to Paragraph 3-7(b).  The Court disagrees.

As a preliminary matter, in its motion Feit does not allege that it has been diligent in seeking to amend its infringement contentions to include claims 11 and 13.[40]  This omission is particularly problematic given that the local patent rules require that "[a] party seeking amendment of the preliminary or final infringement contentions . . . must include in its motion to amend a statement that the newly discovered accused instrumentalities [or] newly discovered bases for claiming infringement . . . were not known to that party prior to the motion despite diligence in seeking out same."[41]  Neither does Feit provide any good reason in its motion for waiting until July 31 to add these claims or provide any indication at all in its motion of the importance of these claims.[42]  Likewise, Feit does not seek a continuance or otherwise address the potential impact of a delay on the proceedings in this case based on the introduction of new claims at this point in time.[43]

Of the four factors courts consider with respect to motions to amend or strike contentions, the only factor Feit argues in its motion related to these claims is that "[t]here is no surprise or prejudice to [Elong and Xiamen]."[44]  To the contrary, as highlighted by Elong and Xiamen, Feit let the case proceed through claim

---

[40] Doc. 97.

[41] Misc. Order No. 62 at ¶ 3-7(b).

[42] Doc. 97.

[43] *Id.*

[44] *Id.* at 4.

construction and the issuance of a claim construction order before moving to add these claims, which prevented them from proposing terms and phrases from these claims for construction.  In addition, Feit waited to move to add these claims until less than thirty days before the close of fact discovery.  Feit's delay prejudiced Elong and Xiamen.

In sum, the diligence and prejudice factors weigh against granting the motion for leave and in favor of striking Feit's Amended Infringement Contentions to the extent they add allegations of infringement of claims 11 and 13, and Feit has not presented any argument the factors related to importance and delay of proceedings favor it.  Thus, with respect to the addition of claims 11 and 13 to Feit's infringement contentions, the Court will deny Feit's motion for leave and grant Elong and Xiamen's cross-motion to strike the contentions to eliminate allegations of infringement of these claims.

### C.    Additional Accused Instrumentalities

Feit admits that its amended infringement contentions name "additional Accused Instrumentalities by specific model number," but argues it did not "add any 'new' products to its contentions."[45]  It nevertheless argues it has good cause to "include additional accused products."[46]  In particular, it explains that it has been "awaiting long-requested samples of products from [Elong and Xiamen] in response to its discovery requests," it "tracked down and procured its own samples which were

---

[45] Doc. 97 at 2.

[46] *Id.* at 3.

subsequently tested and added to the list," and "additional specified model numbers were also identified by defendants in documents produced on July 28, 2025."[47]  Feit argues "[m]erely identifying . . . already accused products by name poses no prejudice to Elong and Xiamen, as they have long been on notice that these infringe" given the original infringement contentions.[48]  Feit points to Elong and Xiamen's "delayed production of documents and samples."[49]  It also suggests if leave were not granted *Feit* would experience prejudice because it would be forced to file and litigate these products in a separate patent infringement action.[50]  This would also, Feit argues, needlessly delay and waste judicial resources.[51]  In this way, Feit relies only on Paragraph 3-7(b) (not Paragraph 3-6(a)) of the local patent rules as a basis to amend its contentions to identify additional accused instrumentalities.  As a result, it must show good cause.

Feit has not shown good cause under Paragraph 3-7(b) to amend its contentions to identify additional accused instrumentalities.

As a preliminary matter, in its motion Feit does not allege that it has been diligent with respect to amending its contentions to identify additional accused instrumentalities.[52]    Nor   does   it   allege   that   these   additional   accused

---

[47] *Id.* at 5.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] Doc. 97.

instrumentalities were not known to it.[53]  As above, these omissions are particularly problematic given that the local patent rules require that "[a] party seeking amendment of the preliminary or final infringement contentions . . . must include in its motion to amend a statement that the newly discovered accused instrumentalities [or] newly discovered bases for claiming infringement . . . were not known to that party prior to the motion despite diligence in seeking out same."[54]  Feit, however, does explain that it served its amended contentions on July 31, shortly after Elong and Xiamen produced "nearly 2000 documents, totaling over 26,000 pages," including "documents relating to the source of Elong and Xiamen's LED Filaments in the Accused Instrumentalities."[55]  And, as discussed above, it points to delayed production of samples.  While all this does not necessarily demonstrate diligence or lack of knowledge, it does explain reasons behind the delay.  Elong and Xiamen respond by arguing that the products have been on the market since 2024 and thus Feit "could have and should have analyzed and added these products much sooner."[56]  Moreover, Elong and Xiamen point out, they agreed in December 2024 to produce non-public documents under a protective order, but Feit waited nearly six months to file a motion for that protective order.[57]  Particularly in light of this almost six-month delay in taking action to obtain the document production it now cites as the basis for

---

[53] *Id.*

[54] Misc. Order No. 62 at ¶ 3-7(b).

[55] Doc. 97 at 4–5.

[56] Doc. 98 at 13.

[57] Doc. 109 at 6 (citing Doc. 91 at 2–3).

its proposed amendment, the Court finds that Feit has not shown diligence in seeking to amend its contentions to name additional accused instrumentalities.[58]

As for prejudice, as discussed above Feit argues "[m]erely identifying . . . already accused products by name poses no prejudice to Elong and Xiamen, as they have long been on notice that these infringe" given the original infringement contentions.[59]  Elong and Xiamen argue in response that Feit "did not actually identify these products" in its original contentions.[60]  Here is what Feit included in its original contentions:

> In addition to the specified model numbers, the Accused Instrumentalities include any products made, used, offered for sale, sold and/or imported by Defendants that include a LED filament that contains a top layer composed of white light scattering material, as provided in at least Claim 1 of the '678 Patent.  In accordance with Misc. Order No. 62 ¶ 3-7(b), Feit Electric reserves all rights to move for an order to amend, supplement, and modify its list of Accused Instrumentalities as it obtains additional information over the course of discovery.[61]

In this way, Elong and Xiamen were provided notice that Feit alleged infringement with respect to "any products . . . that include a LED filament that contains a top layer composed of white light scattering material."

---

[58] *See Google, Inc. v. Netlist, Inc.*, No. C 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) ("The critical issue is not *when* Netlist discovered this information, but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence.  The answer is 'yes.' . . . Netlist has had more than ample opportunity early in the litigation to discover the existence of these non-public documents and to ascertain whether they disclosed a potential basis for additional infringement contentions.").

[59] *Id.*

[60] Doc. 98 at 12.

[61] Doc. 97 at 2.

14

Feit points out that the documents produced by Elong and Xiamen "include . . . bills of materials for various of Elong and Xiamen's products that specifically identify the LED filaments used in such products."[62]  Thus, what Feit alleges to have done in amending its contentions is to name specifically—by product number based on specific LED filaments—the products it identified generally in its original contentions.  Nevertheless, Elong and Xiamen argue the "belated amendment" to do so is "extremely prejudicial to [Elong and Xiamen]."[63]  Elong and Xiamen largely focus on prejudice related to the attempted introduction of new claims.[64]  But Elong and Xiamen do generally highlight the short timeline for expert discovery.[65]  Moreover, they suggest prejudice exists because adding new accused instrumentalities "chang[es] the scope of this case."[66]  The Court is not in a position to know whether Feit is correct—that the later, specifically identified products should have been known to Elong and Xiamen given the allegation that the same products were generally identified in the original contentions—but, even if this is correct, the Court finds at least some danger for prejudice were the Court to permit the amendments to identify new accused instrumentalities given how late these amendments were sought relative to the discovery deadlines.

---

[62] Doc. 108 at 4.

[63] Doc. 98 at 13.

[64] *Id.* at 13–15.

[65] *Id.* at 13.

[66] *Id.* at 15.

As for the other relevant factors, Feit indicates in its motion that amending its contentions to identify additional accused instrumentalities is important because it will avoid the need for Feit to file a separate lawsuit related to these instrumentalities.[67]  Finally, Feit does not seek a continuance or otherwise address the potential impact of a delay on the proceedings in this case based on the proposed amendment related to representativeness.[68]

In sum, while Feit has shown at least some importance in allowing it to name additional accused instrumentalities, it has not shown diligence in seeking to identify additional accused instrumentalities.  Moreover, there is at least some danger for prejudice in permitting the amendments, and Feit does not address delay of the proceedings based on these amendments.  Thus, at least two of the four factors (and likely three) weigh against granting the motion for leave and in favor of striking Feit's Amended Infringement Contentions to the extent they identify new accused instrumentalities, and only one points in the opposite direction.  As a result, with respect to this amendment, the Court will deny Feit's motion for leave and grant Elong and Xiamen's cross-motion to strike the contentions to eliminate the identification of new accused instrumentalities.

### D.    New Discussion of Representativeness

Feit argues "the amendments to the representativeness portion" of its infringement contentions "do not add new theories, and therefore cannot be the basis

---

[67] Doc. 97 at 5.

[68] Doc. 97.

of any prejudice to [Elong and Xiamen]."[69]  Moreover, it contends, "the amendments to the representativeness portion were made at least in part based on newly received documents from Elong and Xiamen's production further confirming [Plaintiff's] original theories."[70]  In this way, Feit relies only on Paragraph 3-7(b) (not Paragraph 3-6(a)) of the local patent rules as a basis to amend the representativeness portion of its contentions.  As a result, it must show good cause.

> In its motion, Feit quotes the following discussion in its original contentions:

> In addition to the specified model numbers, the Accused Instrumentalities include any products made, used, offered for sale, sold and/or imported by Defendants that include a LED filament that contains a top layer composed of white light scattering material, as provided in at least Claim 1 of the '678 Patent.  In accordance with Misc. Order No. 62 ¶ 3-7(b), Feit Electric reserves all rights to move for an order to amend, supplement, and modify its list of Accused Instrumentalities as it obtains additional information over the course of discovery.[71]

Feit does not quote the representativeness discussion in the amended contentions.

Elong and Xiamen, however, do:

> To avoid doubt, the Accused Products include the representative products that are explicitly charted in Amended Exhibits 1 through 5, the additional uncharted products listed in the table above, and any other of Defendants' products manufactured, used, sold, and/or offered for sale in the United States, or imported into the United States, in the time period ranging from six years prior to the filing of Feit Electric's complaint to the present having at least one LED filament that utilize any of the named SSC filaments above, or any other filament that is the same or similar to the SSC white filaments in its configuration of relevant components and performs in the same or similar manner in which those components are alleged to infringe in these contentions.
> . . .

---

[69] Doc. 97 at 4.

[70] *Id.*

[71] Doc. 97 at 2.

The Accused Products explicitly charted in Amended Exhibits 1 through 5 are representative of the other Accused Products not explicitly charted. The Accused Products not explicitly charted are represented by the representative, charted products because they have the same components (e.g., a wavelength conversion component comprising a wavelength conversion layer comprising particles of at least one photoluminescence material and a light diffusing layer comprising particles of a light scattering material) in the same configuration, and the same aspects of those components are alleged to infringe in the same way for every accused product.[72]

Feit has not shown good cause under Paragraph 3-7(b) to amend its contentions to add the new discussion of representativeness.

As a preliminary matter, in its motion Feit does not allege that it has been diligent with respect to amending its contentions to add the new discussion of representativeness.[73] As above, this omission is particularly problematic given that the local patent rules require that:

[a] party seeking amendment of the preliminary or final infringement contentions . . . must include in its motion to amend a statement that the newly discovered accused instrumentalities [or] newly discovered bases for claiming infringement . . . were not known to that party prior to the motion despite diligence in seeking out same.[74]

As discussed above, however, Feit contends "the amendments to the representativeness portion were made at least in part based on newly received documents from Elong and Xiamen's production further confirming [Plaintiff's] original theories."[75] While this does not necessarily demonstrate diligence, it does

---

[72] Doc. 98 at 5.

[73] Doc. 97.

[74] Misc. Order No. 62 at ¶ 3-7(b).

[75] Doc. 97 at 4.

explain a reason behind the delay. As discussed above, however, Elong and Xiamen agreed in December 2024 to produce non-public documents under a protective order, but Feit waited nearly six months to file a motion for that protective order.[76] Particularly in light of this almost six-month delay in taking action to obtain the document production it now cites as the basis for its proposed amendment, the Court finds that Feit has not shown diligence in seeking to amend its contentions to name additional accused instrumentalities.[77]

As mentioned, Feit argues in its motion that amendments to its contentions to add the new discussion of representativeness "do not add new theories, and therefore cannot be the basis of any prejudice to [Elong and Xiamen]."[78] According to Feit, moreover, these amendments "clarify what was previously set forth" in the preliminary contentions.[79] But the new discussion appears to incorporate the naming of the additional accused instrumentalities.[80] Thus, for the same reason discussed above with respect to naming additional accused instrumentalities, the Court finds at least some danger for prejudice were the Court to permit the amendment to include

---

[76] Doc. 109 at 6 (citing Doc. 91 at 2–3).

[77] *See Google, Inc.*, 2010 WL 1838693 at *2 ("The critical issue is not *when* Netlist discovered this information, but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence. The answer is 'yes.' . . . Netlist has had more than ample opportunity early in the litigation to discover the existence of these non-public documents and to ascertain whether they disclosed a potential basis for additional infringement contentions.").

[78] Doc. 97 at 4.

[79] *Id.*

[80] Doc. 109 at 6 (indicating the "representativeness allegations . . . encompass all of the new accused products").

the new discussion of representativeness given how late this amendment was sought relative to the discovery deadlines.

As for the other relevant factors, Feit does not provide any indication in its motion of the importance of amending its contentions to add the representativeness discussion.[81]  That said, as discussed above, Feit indicates in its motion that amending its contentions to identify additional accused instrumentalities (which are related to the representativeness discussion) is important because it will avoid the need for Feit to file a separate lawsuit related to these instrumentalities.[82]  Finally, Feit does not seek a continuance or otherwise address the potential impact of a delay on the proceedings in this case based on the proposed amendment related to representativeness.[83]

In sum, while Feit has shown at least some importance in allowing it to name additional accused instrumentalities (which is related to the discussion of representativeness), it has not shown diligence in seeking to amend the contentions to add the discussion of representativeness.  Moreover, there is at least some danger for prejudice in permitting the amendment, and Feit does not address delay of the proceedings.  Thus, at least two of the four factors (and likely three) weigh against granting the motion for leave and in favor of striking Feit's Amended Infringement Contentions to the extent they add the discussion of representativeness, and only one points in the opposite direction.  As a result, with respect to the added discussion of

---

[81] Doc. 97.

[82] *Id.* at 5.

[83] *Id.*

representativeness, the Court will deny Feit's motion for leave and grant Elong and Xiamen's cross-motion to strike the contentions to eliminate the discussion of representativeness.

## V.    Conclusion

For the reasons discussed above, the Court denies Feit's motion to amend its infringement contentions and grants in part and denies in part Elong and Xiamen's cross-motion to strike Feit's amended infringement contentions.

**IT IS SO ORDERED** this 17th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE