UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC., § § *Plaintiff,* § § v. § § ELONG INTERNATIONAL USA, § INC. and XIAMEN LONGSTAR § LIGHTING CO., LTD., § § *Defendants.* § § | Civil Action No. 3:24-cv-1089-x |

## MEMORANDUM OPINION AND ORDER

Before the Court is two motions to seal. [Docs. 126, 127.] However, the Court **DENIES WITHOUT PREJUDICE** the motions, as the motions are facially insufficient under Fifth Circuit caselaw that governs the sealing of judicial records. The Court will allow the respective parties to file an amended motion to seal within 28 days of this Order.

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).
[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).
[3] *Id.*

1

That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Defendant Mercer seeks to file something under seal on the judicial record. Therefore, a far more arduous standard applies.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

The moving party must: (1) identify precisely what information (pages, lines, etc.) the party wants sealed;[8] (2) conduct a line-by-line, page-by-page analysis[9] explaining and briefing why the risks of disclosure outweigh the public's right of

---

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520. ("We require information that would normally be private to become public by entering the judicial record. How perverse it would be to say that what was once public must become private—simply because it was placed in the courts that belong to the public. We will abide no such absurdity." (cleaned up)).

[8] *Id.* at 521.

[9] *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) ("[I]t is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review.").

access; and (3) explain why no other viable alternative to sealing exists.[10] The Court instructs the clerks office to keep the documents provisionally sealed, until such time as the Court instructs otherwise. [Docs. 126, 127]

**IT IS SO ORDERED** this 6th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Expl. & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No. 16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket).