UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEIT ELECTRIC COMPANY, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-1089-X |
| ELONG INTERNATIONAL USA, INC. and XIAMEN LONGSTAR LIGHTING CO., LTD., | § § § § | |
| *Defendants.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are three related motions: Feit Electric Company, Inc.'s (Feit) motion for a protective order or, in the alternative, Rule 72 objection (Doc. 110), Elong International USA, Inc. and Xiamen Longstar Lighting Co., Ltd.'s (collectively, "Defendants") motion to strike Feit's "supplement" or in the alternative for leave to file a response to the supplement (Doc. 118), and the parties' joint motion to modify the amended scheduling order (Doc. 121).

**I.    Background**

This is a patent case. At a deposition, Defendants asked a witness about Feit's total annual revenue, but Feit's counsel objected and instructed the witness not to answer. The parties ultimately presented the dispute to Magistrate Judge McKay. On August 21, 2025, Judge McKay entered an order concluding that the instruction by Feit's counsel "was not properly given" and that Defendants are "entitled to an

1

answer to the question posed."[1]  Magistrate Judge McKay, however, indicated Feit "may invoke the protections of the discovery confidentiality order (*see* Dkt. No. 83) with respect to the information provided."

Rather than reconvene the deposition, answer the question (and any related follow up questions), and invoke the protections of the existing protective order (Doc. 83), however, Feit moved the Court for a protective order or, in the alternative, lodged a Rule 72 objection to Magistrate Judge McKay's order.[2]  Defendants responded to the motion.[3]  Feit later filed a "supplement" to its motion[4] before filing its reply in support of its motion.[5]

Defendants moved to strike Feit's supplement or in the alternative moved for leave to file a response to the supplement.[6]  In response, Feit filed a sealed motion for leave to file a sealed response to Defendants' motion to strike,[7] and Defendants, in turn, filed a sealed motion for leave to file a sealed reply in support of their motion to strike.[8]  The Court denied without prejudice the motions to seal given that they were facially insufficient under Fifth Circuit caselaw that governs the sealing of judicial records.[9]  The Court, however, ordered the clerk's office to keep the documents

---

[1] Doc. 107.

[2] Doc. 110.

[3] Doc. 114.

[4] Doc. 116.

[5] Doc. 122.

[6] Doc. 118.

[7] Doc. 126.

[8] Doc. 127.

[9] Doc. 133.

provisionally sealed, until such time as the Court instructs otherwise.[10]   In the meantime, the Court has considered the response to the supplement given that the response was attached to the associated (but denied) motion to file it under seal.

Amidst all of this, the parties jointly moved to modify the amended scheduling order to extend the rebuttal expert report deadline and the close of expert discovery.[11]

## II.    Legal Standards

Under Federal Rule of Civil Procedure 26(c)(1), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[12]

With respect to an order related to a nondispositive matter, Federal Rule of Civil Procedure 72(a) requires the district judge to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[13] "When a party appeals a magistrate judge's order, it must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[14] "The abuse of discretion standard governs review of that vast area of choice that

---

[10] *Id.*

[11] Doc. 121.

[12] Fed. R. Civ. P. 26(c)(1).

[13] Fed. R. Civ. P. 72(a). A nondispositive matter is "a pretrial matter [that is] not dispositive of a party's claim or defense." *Id.*

[14] *Stanissis v. Dyncorp, Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.) (cleaned up).

remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous."[15]

Local Civil Rule 56.7 provides that, "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."[16]

### III.    Analysis

### A.    Motion for a Protective Order or, in the Alternative, Rule 72 Objection

With respect to the motion for a protective order or, in the alternative, Rule 72 objection, Feit seeks a protective order "to prevent the disclosure of Feit Electric's total annual revenue numbers to Defendants."[17] In the alternative, Feit asks the Court to "restrict the information provided to two counsel only, who agree not to disclose it or use it directly or indirectly in any other matter, and further agree to not participate in any damages or settlement aspects of the Seoul Semiconductor litigations against Feit Electric."[18] Feit argues it has "stipulated to certain facts directly addressing Defendants' stated bases for arguing both the relevance and their ostensible need for the specific revenue number, thereby mooting any reason for Defendants to have this information."[19] Feit insists good cause exists for the Court

---

[15] *Id.* (cleaned up).

[16] Local Civil Rule 56.7.

[17] Doc. 110.

[18] *Id.*

[19] *Id.*

to issue a protective order to protect it "from annoyance, embarrassment, oppression, or undue burden or expense" under Federal Rule of Civil Procedure 26(c)(1).[20]  Feit also "moves in the alternative to overturn the Magistrate Judge's order under Fed. R. Civ. P. 72 based on the same grounds, i.e., that the sought-after-discovery is no longer relevant."[21]

Defendants argue in response that Feit "does not identify any errors of law or fact or abuses of discretion or even address the law and facts of its improper instruction and attempt to limit its deposition."[22]  They contend courts "have repeatedly analyzed the specific amount of sales relative to the revenues of other products" and "weighing that information" in determining whether to grant or deny injunctions in patent cases.[23]  In addition, Defendants argue "Feit's overall revenues are clearly relevant to the parties' relative bargaining positions and the commercial relationship between the parties," which are factors relevant to the reasonable royalty analysis.[24]

In its reply in support of its motion, Feit repeats many of its arguments but also takes the position that, "[t]o the extent that the Court denies Feit Electric's Motion, the proper relief should not be to reopen Mr. McMillin's deposition, as

---

[20] *Id.*

[21] *Id.*

[22] Doc. 114.

[23] *Id.*; *see, e.g., EMC Corporation v. Zerto, Inc.,* No. 12–956(GMS), 2016 WL 1291757, *14 (D. Del. March 31, 2016) (finding that balance of hardships "clearly favors" the Defendant because "the lost sales EMC identifies represent about 0.001% of its annual revenues").

[24] *Id.*; s*ee Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Defendants demand."[25]  Feit argues "mathematical precision" is not required to analyze injunctive relief or reasonable royalties.[26]  It also points out a particular attorney who has appeared in this case on behalf of Defendants "is expressly not authorized to access this information in two other pending litigations."[27]  Feit argues, moreover, that this particular attorney "is a competitive decision maker as she has been dealing directly with Feit Electric's in-house counsel on settlement in those cases."[28]

The Court does not find good cause to grant the requested protective order. Magistrate Judge McKay made findings and conclusions in this case on the precise question presented in Feit's motion.[29]  Feit's objection fails to identify any error of law, clearly erroneous factual finding, or abuse of discretion in the Magistrate Judge's order.  Moreover, the requested information is relevant and Feit has not met its burden to prove disclosure of the requested information will annoy, embarrass, oppress, or create undue burden or expense.  To the extent Feit's reply brief raises new arguments based on the particular attorney who made an appearance in this case, Feit has not met its burden to establish that she is a competitive decision maker—she is not in-house counsel for Defendants.  As indicated by Magistrate Judge McKay, Feit may invoke relevant protections of the existing protective order.[30]

---

[25] Doc. 122.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Doc. 107.

[30] Doc. 83.

Notably, that order provides heightened protections for deposition testimony designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In particular, such testimony "shall not be used for any purpose whatsoever other than prosecution or defense of this action, and of any appeal thereof" and, unlike testimony designated merely "CONFIDENTIAL," it may not be disclosed to "[i]n-house counsel or designated representative[s] who are involved in the litigation of this action."[31]  As a result, Feit has not demonstrated good cause to modify or extend the existing protective order.

For these reasons, as well as the reasons discussed below with regard to Defendants' response to Feit's supplement, the Court **DENIES** the motion for a Protective Order and **OVERRULES** the objection to Magistrate Judge McKay's order. Furthermore, the proper procedure after the overruling of an improper instruction not to answer a question at a deposition is to continue the deposition at the expense of the improperly objecting party, limited to the expenses for any court reporter and videographer for the additional deposition questioning.[32]  Thus, the Court **ORDERS** the parties to reconvene the relevant deposition at the expense of Feit, limited to the expenses for any court reporter and videographer for the additional deposition questioning, to be completed by October 15, 2025.

---

[31] Doc. 83.

[32] *See, e.g.*, *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 434 (N.D. Tex. 2021) (Starr, J.) (after finding "defenses of these instructions not to answer fail to persuade," the court granted a request to "re-depose" the relevant witnesses at the objecting parties' expense limited to the expenses for any court reporter and videographer for this additional deposition questioning).

### B.   Motion to Strike Feit's Supplement or in the Alternative for Leave to File a Response

Before filing its reply in support of its motion for a protective order or, in the alternative, Rule 72 objection, Feit filed a "supplement."[33]  Notably, Feit did not seek leave to file the supplement.  The supplement, however, relates to a particular attorney's application for pro hac vice admission in this case, an application that was filed on September 5, 2025, the day after Feit filed its motion for a protective order.[34]  According to Feit, the application confirms its concern that providing the relevant deposition testimony would "create too high a risk that Feit Electric's highly confidential revenue information would be revealed more broadly than warranted in this case, and used by Seoul Semiconductor in its various disputes with Feit." (*Id.*).  According to Feit, the attorney in question "plays a special role more akin to acting in-house counsel for non-party Seoul Semiconductor in various lawsuits against Feit" and "has been the chief negotiator for Seoul Semiconductor during . . . settlement discussions with Feit."[35]  Feit points out that in other cases the attorney is not permitted to access materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." (*Id.*).

Defendants filed a motion to strike Feit's supplement or in the alternative for leave to file a response.[36]  Defendants argue Local Civil Rules 7.1 and 72 do not

---

[33] Doc. 116.

[34] *Id.*

[35] *Id.*

[36] Doc. 118.

authorize the filing of any such supplement.[37]  Moreover, they point out, Local Civil Rule 56.7 provides that, "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."  As mentioned, Defendants argued in the alternative that the Court should consider their response to the supplement.  Defendants' response points out that the attorney in question "is not in-house counsel," "has never been employed by Seoul Semiconductor or any of its affiliates, does not make business decisions for Seoul Semiconductor or any of its affiliates, and has no financial interest in Seoul Semiconductor or any of its affiliates."[38]  Defendants argue that the attorney's "role performing litigation and legal negotiations" does not put her in the category of a competitive decision maker.[39] They point out that the attorney's inability to access information in other cases was voluntary and anyway, they argue, based on an "incorrect understanding of her practice."[40]

In Feit's response, Feit made several arguments that Defendants' motion to strike should be denied.[41]  The Court has considered those arguments.  In particular,

---

[37] *Id.*

[38] Doc. 118-1.

[39] *See Paradigm Alliance, Inc. v. Celeritas Techs., LLC,* 248 F.R.D. 598 (D. Kan. 2008) (holding that "the mere drafting of contract terms and negotiating on behalf of a client does not elevate an attorney to the level of a 'competitive decision maker'"). While Feit relies upon *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000), in that case the attorney in question was "*in-house* counsel for Intel." *Id.* at 526 (emphasis added).

[40] *Id.*

[41] Doc. 126-1.

however, the Court notes that Feit does not oppose Defendants' alternate motion for leave to file a response to the supplemental filing.[42]

The Court agrees with Defendants that Feit's supplement is not permitted by the Court's local civil rules. Given that the supplement references events occurring after the filing of the motion for a protective order, however, and given Feit's lack of opposition to the alternative relief, rather than strike the supplement, the Court will consider Defendants' response to the supplement. Thus, the Court will **DENY** the motion to strike and **GRANT** the motion for leave to file a response. In ruling on the motion for a protective order, the Court has considered Defendants' response to the supplement.[43] For clarity, the Court's conclusion is that the attorney in question is, and shall be considered, "Outside Counsel of Record" in this matter and entitled to all the benefits and subject to the restrictions and requirements of the protective order.[44] As mentioned above, the existing protective order provides heightened protections for deposition testimony designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."[45] Thus, to the extent Feit designates the (future) testimony in question as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such testimony "shall not be used for any purpose whatsoever other than prosecution or defense of this action, and of any appeal thereof" and, unlike testimony designated

---

[42] *Id.*

[43] Doc. 118-1.

[44] Doc. 83.

[45] *Id.*

"CONFIDENTIAL," may not be disclosed to "[i]n-house counsel or designated representative who are involved in the litigation of this action."[46]

### C.    Joint Motion to Modify the Amended Scheduling Order

With respect to the joint motion to modify the amended scheduling order, the parties ask the Court to modify the deadlines for rebuttal expert reports and the close of expert discovery.[47]  In particular, the parties request September 30, 2025 be the deadline for rebuttal expert reports and October 10, 2025 for the close of expert discovery.  Given the other rulings in this Order, however, and in particular given the need to continue the relevant deposition, the Court modifies the close of expert discovery to October 16, 2025 to allow for service of supplements based on the continued deposition. As a result, the Court **GRANTS AS MODIFIED** the motion.

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** the motion for a protective order, **OVERRULES** the Rule 72 objection, and **ORDERS** the parties to reconvene the relevant deposition at the expense of Feit, limited to the expenses for any court reporter and videographer for the additional deposition questioning, to be completed by October 15, 2025;[48] **DENIES** the motion to strike Feit's supplement and **GRANTS** the motion for leave to file a response to the supplement;[49] and **GRANTS AS MODIFIED** the joint motion to modify the amended scheduling order, which extends

---

[46] *Id.*

[47] Doc. 121.

[48] Doc. 110.

[49] Doc. 118.

11

the deadline to serve rebuttal expert reports to September 30, 2025 and extends the deadline to close expert discovery to October 16, 2025.[50]

     **IT IS SO ORDERED** this 9th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[50] Doc. 121.